(87 Misc. Rep. 225)

### BRIGHTON HEIGHTS DEVELOPMENT CO. v. INTERBORO HOME BUILDERS' CO.

(Supreme Court, Special Term, Kings County. October 21, 1914.)

MORTGAGES (§ 524*)—FORECLOSURE BY ACTION—FAILURE TO COMPLETE PURCHASE—PLAINTIFF AS BIDDER.

    A plaintiff, who bids in the property at a sale upon foreclosure, has no greater rights than a stranger, and may be compelled to complete his purchase by paying the referee's fees and expenses and taking the deed.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1524; Dec. Dig. § 524.*]

Two actions by the Brighton Heights Development Company against the Interboro Home Builders' Company for the foreclosure of mortgages. On motion by the referee for instruction and for relief regarding his disbursements and fees. Plaintiff directed to pay such disbursements and fees.

Menken Bros., of New York City, for plaintiff.
Samuel H. Evins, of New York City, referee.

CRANE, J. The plaintiff brought these two actions to foreclose mortgages upon real estate situated in the county of Richmond, which resulted in final judgment appointing Samuel H. Evins referee to sell. The referee thereupon advertised the property to be sold on the 16th day of April, 1914, at which time the property involved in action No. 2 was sold to the plaintiff over incumbrances for $1,400 and the property in action No. 3 to the plaintiff for $250 over incumbrances. The plaintiff signed the memorandum of sale, but did not pay the 10 per cent. deposit, as that had been waived by its attorney. Title was to close on April 30, 1914, but the plaintiff has failed and refused to complete the purchase. This motion is now made by the referee for in-

---

struction in the matter and for such relief regarding his disbursements and fees as may seem proper.

The attitude of the purchaser is that, being the plaintiff in the case, the referee must take his instructions, and that he is not obliged to take title until he gets ready. With this I cannot agree. The fact that the plaintiff was the purchaser at the judicial sale gives him no other or further rights than a stranger who had bid in. A purchaser at a judicial sale subjects himself to the jurisdiction of the court as to matters incidental to such sale. Miller v. Collyer, 36 Barb. 250; Requa v. Ray, 2 Paige, 339; Cazet v. Hubbell, 36 N. Y. 676, 677. As said of the bid in Rowley v. Feldman, 84 App. Div. 400, 82 N. Y. Supp. 679:

"It was a mere offer to, or undertaking with, the court through the referee, and the failure to perform is a breach of duty to *the court*, which the court alone can redress or punish. * * * Those bidding upon judicial sales must be prepared to perform, for otherwise their act is an unwarranted interference with judicial proceedings."

The plaintiff is bound to take title and pay the referee his fees and expenses. The fees of the referee upon the sale in action No. 2 are 3 per cent. upon the first $250, 2 per cent. upon the balance, $2 for drawing the deed, and $2 for advertising the property, which makes a total of $34.50. As the plaintiff has bid in the property and there is no money to distribute, the referee is not entitled to any commissions under section 3297 of the Code.

As to action No. 3, where the price bid was $250, the referee's fee is 3 per cent., plus the $2 for drawing deed and $2 for advertising the property, or a total of $11.50. This court directs that the referee enter an order compelling the plaintiff to complete his purchase within 10 days, by paying these amounts, with expenses, and taking his deed, and providing that upon his failure so to do application may be made to the court to punish him for contempt.