HARRY FEIGENBAUM and Another, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Brooklyn, Seventh District, April 27, 1931.

*Asher Marcus*, for the plaintiffs.

*Arthur J. W. Hilly*, for the defendant.

BOGENSHUTZ, J.    Plaintiffs sue to recover $652.40, a land tax paid under duress, claiming it was illegally listed as a lien against property purchased by them at a foreclosure sale.    Defendant claims it was a lawful lien and was voluntarily paid and cannot be recovered.    Plaintiffs base their claim on the charge that, after they had purchased the property, defendant wrongfully altered the tax record by restoring the lien after the record showed it as being discharged by payment; that their property rights were thereby affected, and to avoid the accrual of interest penalties were involuntarily forced to make payment under protest.    They predicate their right to recover on the principle and rule established by the cases of *Curnen* v. *Mayor* (79 N. Y. 511); *Rankin* v. *City of New York* (145 App. Div. 838; affd., 204 N. Y. 684) and *Weil* v. *City of New York* (179 App. Div. 80; affd., 223 N. Y. 599), that when taxes on land have been marked " paid " on the public tax records, the record cannot be changed, regardless of whether it was marked " paid " through error of the municipality, or another making erroneous payment, if another person without notice or knowledge of the error, had, in reliance on the accuracy of the public record, changed his position with reference to the property affected thereby. An action of this kind may be maintained to recover an involuntary payment, under duress, without recourse to a proceeding in equity. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29.)    A voluntary payment of a land tax made under a mistake of law, but with knowledge of all the facts cannot be recovered.    (*Adrico Realty Corp.* v. *City of New York, supra.*)    Whether a payment is voluntary or involuntary depends on the facts in each particular

case. Consideration of the proof in the present case is in order. Most of the material facts are stipulated, or appear in the documentary evidence. The property in question is listed on defendant's tax map and records as section 17, block 5583, lot 1, borough of Brooklyn. The tax in question was lawfully levied, and was for the second half for 1928, payable November 1, 1928. On February 29, 1928, the owner of the property, one Burton Holding Corporation, made a second mortgage thereon to one Free Construction, Inc. The latter on the same day assigned it to plaintiffs. On September 25, 1929, one Maer Cohen paid the tax on the property not aware of his mistake. The notation " Paid " was made on the tax record. Plaintiffs decided to foreclose their mortgage, filed a notice of pendency of action on October 9, 1929, and commenced action October 11, 1929. Thereafter, on October 15, 1929, they obtained a title company search. On December 6, 1929, Cohen, on discovering his mistake of having paid taxes on the wrong property, filed what is termed a preliminary application in the tax office, protesting the payment as erroneous, and asking for a transfer from the property in question to his own, from lot 1 to lot 6. A notation of it was made on the tax record. Without obtaining a further search, or making an inspection or inquiry in the tax office after October 15, 1929, plaintiffs proceeded with their foreclosure action. Judgment was entered on December 9, 1929. The referee's report and notice of sale followed. The sale was held January 3, 1930. The terms of sale, among the other necessary essentials, provided: " All taxes, assessments and water rates duly confirmed and payable which at this date are liens or encumbrances upon said premises, will be paid by the referee out of the purchase money, or allowed to the purchaser upon delivery to said referee proper vouchers showing the payment thereof." The property was bid in by plaintiffs. On January 15, 1930, they paid the balance of the purchase price and received the referee's deed dated January 16, 1930. Plaintiffs made no search or inquiry in the tax office from the time they bid in the property to the time of taking title. On this record of proof they contend they must be regarded as *bona fide* purchasers, within the rule of *Curnen* v. *Mayor* (*supra*) and consequently could not be compelled to pay the tax, having had no notice or knowledge of the erroneous payment or change of the tax record. In that case (at p. 516) it is declared: " The assessment roll is akin to a judgment; both records, and each creating a lien to be enforced by subsequent proceedings * * *. If the latter is erroneously discharged, its lien cannot be restored so as to affect *bona fide* purchasers, or others standing in a similar

relation, whose transactions were entered into in ignorance of the error, and in reliance upon the truth of the record." Plaintiffs' claim of ignorance of the erroneous payment and change of the tax record must find its support in the proof. I have reached the conclusion that it has not. Examination and inquiry in the tax office after December 6, 1929, would have given the information that the payment was questioned; that the lien was not definitely or positively discharged. While it may be true that the plaintiffs had no actual notice of Cohen's protest and application for transfer, nevertheless it was their duty for the protection of the interest they would acquire by the purchase, to make reasonable search in the official tax office, at least between the time they bid in the property and taking title, especially in view of the provision in the terms of sale, concerning unpaid taxes and assessments that are liens on day of sale. The principle of equity is well established that purchasers of land are chargeable with notice by implication of every fact affecting the title which would be discovered by an examination of public records, and of every fact, as to which the purchaser, with reasonable prudence or diligence ought to become acquainted. (*Cambridge Valley Bank* v. *Delano*, 48 N. Y. 326, 336.) The fact that plaintiffs were the purchasers at the judicial sale gave them no other or further rights than a stranger who bid in. (*Brighton D. H. Co.* v. *Interboro H. Building Co.*, 87 Misc. 225, 226.) Surely a stranger purchasing would protect his interest by a search of public records, between the time of making contract and closing of title. The fact that on January 16, 1930, the day on which plaintiff took the deed, defendant sent written notice of Cohen's application for transfer to plaintiffs and the other mortgagees does not alter the situation. Defendant was under no obligation to do so, except to show action in good faith, for the protection of those concerned. It was given after starting investigation of the claim. After completing its investigation and on the opinion of the corporation counsel it allowed the correction and transfer on May 13, 1930, which fully restored the lien. Plaintiffs paid the tax on September 28, 1930. Examination of the facts in the authorities cited by plaintiffs disclose a situation different from that presented in the present instance. Plaintiffs have failed to show that they are *bona fide* purchasers who entered into a transaction in ignorance of an erroneous discharge and wrongful restoration of a land tax lien. Merely starting a foreclosure action is not a transaction — a contract of sale and purchase of land. It is only an agency that may lead to it. In receiving payment from Cohen and noting it on its tax records, and subsequently receiving and filing the application for transfer, defendant practiced

no deception. It did nothing to mislead in making notice of the protest on the tax record. Nor was its action wrongful when it granted the application and restored the lien, so long as it caused no injury. The result might be different if defendant had not noted the protest on the tax record. On the formula presented, the payment by plaintiffs must be regarded as voluntary, and cannot be recovered.

Judgment is directed for defendant.